## WETMORE v. MARKOE.

ERROR TO THE SUPREME COURT OF THE STATE OF NEW YORK.

No. 56.  Argued November 9, 10, 1904.—Decided December 19, 1904.

A husband owes the duty of supporting his wife and children not because of contractual relations with the wife but because of the policy of the law which will enforce the duty if necessary and the bankruptcy act was not intended to be a means of avoiding this obligation.

Arrears of alimony awarded to a wife against her husband for the support of herself and their minor children, under a final decree of absolute divorce, is not a provable debt barred by a discharge in bankruptcy, nor does the fact that there is no reservation in the decree of the right to alter or modify it deprive the debt of its character of being for the support of the bankrupt's wife and children.

The amendment of February 5, 1903, excepting decrees of alimony from the discharge in bankruptcy was not new legislation creating a presumption that such decrees were not excepted prior thereto, but was merely declaratory of the true meaning and sense of the statute as originally enacted.

On June 12, 1890, an action for divorce and alimony was begun by Annette B. W. Wetmore, wife of the plaintiff in error, in the Supreme Court of the State of New York, and on April 1, 1892, at special term, the plaintiff in error was found guilty of adultery as charged in the complaint, and a divorce was granted upon that ground to the defendant in error. The divorce was absolute, and awarded to the wife the custody and care of the three minor children of the marriage, and also, as alimony, the sum of $3,000 per annum so long as she should live, to be paid in quarterly instalments of $750 each on the first day of the months of July, October, January and April of each year. There was also granted to the wife the sum of $3,000 annually, being $1,000 for the education and maintenance of each of the three minor children, to be paid in quarterly instalments, until such children should arrive at the age of twenty-one years respectively. Plaintiff in error was also re-

quired to give security for the payment of the alimony awarded. The decree did not reserve any right of subsequent modification or amendment. On January 13, 1899, there was due to the wife from the plaintiff in error, for arrears in alimony and allowance under the decree, the sum of $19,221.60. Upon that day, upon application to the District Court of the United States for the Eastern District of Pennsylvania, the plaintiff in error was adjudicated a bankrupt. The defendant in error made no proof of her claim for alimony in the bankrupt proceedings. On June 21, 1900, the plaintiff in error was granted a discharge from all debts and claims provable under the bankruptcy act. On December 12, 1901, plaintiff in error sued out a writ in the Supreme Court of the State of New York for an order enjoining and restraining all proceedings on behalf of the defendant in error for the collection of the arrears of alimony and allowance aforesaid. This application was denied, upon the ground, as it appears from the memorandum of the judge who rendered the decision, that the arrears of alimony were not discharged in bankruptcy. From the order denying the application an appeal was taken by the plaintiff in error to the Appellate Division of the Supreme Court of the State of New York, where the order below was affirmed. 72 App. Div. N. Y. 620. The plaintiff in error thereupon appealed to the Court of Appeals of the State of New York, and on June 27, 1902, the appeal was dismissed for want of jurisdiction, without any judgment of affirmance or reversal upon the merits. 171 N. Y. 690. A writ of error was sued out seeking in this court a reversal of the judgment of the Supreme Court of the State of New York.

*Mr. William A. Keener* for plaintiff in error:

Under the statutes and decisions of the State of New York, the claim of the defendant in error for alimony and allowance was a fixed liability, evidenced by a judgment. The decree of divorce of April 1, 1892, containing no provision by virtue of which it may be modified, altered or amended, became an absolute obligation, beyond the power or control of either the

courts or the legislature to modify. *Walker* v. *Walker,* 155 N. Y. 77; *Livingston* v. *Livingston,* 173 N. Y. 377; § 1759 N. Y. Code of Civ. Pro., as it read in 1892.

So absolute is it that it is not affected by the marriage of the wife. *Shepherd* v. *Shepherd,* 1 Hun, 240; *S. C.,* affirmed 58 N. Y. 644. It is an obligation collectible by the levying of an execution. N. Y. Code Civ. Pro. § 1240; *Miller* v. *Miller,* 7 Hun, 208. She is regarded as a judgment creditor. *Wetmore* v. *Wetmore,* 149 N. Y. 520.

The arrears of alimony which accrued prior to January 13, 1899, were a provable debt within the provisions of the United States Bankruptcy Act, and were released by the discharge in bankruptcy granted to the plaintiff in error. *Re Houston,* 94 Fed. Rep. 119; *Re Van Orden,* 96 Fed. Rep. 86.

The cases on brief of defendant in error can be distinguished.

The remedy of plaintiff in error was properly sought in the court in which the judgment was entered. *Moore* v. *Upton,* 50 N. Y. 593; *Palmer* v. *Hussey,* 119 U. S. 96.

The Appellate Division of the Supreme Court is the highest court of the State of New York in which a decision could be had by the plaintiff in error. *Bacon* v. *Texas,* 163 U. S. 207; *Mo. Kan. & Tex.* v. *Elliott,* 184 U. S. 530.

The alimony awarded to the defendant in error was not given as compensation for a willful and malicious injury to her person or property. An action for divorce is not an action of tort. *Mangles* v. *Mangles,* 6 Mo. App. 481; *Erkenbrach* v. *Erkenbrach,* 96 N. Y. 456, 463; *Matter of Ensign,* 103 N. Y. 289.

*Mr. Flamen B. Candler,* with whom *Mr. William Jay* and *Mr. Robert W. Candler* were on the brief, for defendant in error:

Neither the claim for alimony nor for maintenance and education of the infant children was a debt provable in bankruptcy, and the discharge in bankruptcy did not relieve the plaintiff in error from payment of arrears of alimony or arrears for the maintenance and education of the infant children. *Audubon* v. *Shufeldt,* 181 U. S. 575; *Dunbar* v. *Dunbar,* 190

U. S. 340; *In re Nowell*, 99 Fed. Rep. 931; *In re Shepard*, 97 Fed. Rep. 187; *In re Anderson*, 97 Fed. Rep. 321; *Turner* v. *Turner*, 108 Fed. Rep. 785; *In re Lachemeyer*, 1 Nat. Bk. Rep. 270; *In re Garrett*, 11 Bk. Rep. 493; *Matter of Smith*, 3 Am. Bk. Rep. 68; *Maisner* v. *Maisner*, 62 App. Div. N. Y. 286; *Young* v. *Young*, 35 Misc. N. Y. 335; *Buckle* v. *Grell*, 65 N. Y. Supp. 522; Bishop on Marriage and Divorce, § 837; *Tinker* v. *Colwell*, 193 U. S. 473.

Under the law of New York alimony provided for by a decree of divorce is not regarded as a debt, or a fixed liability within the meaning of the Bankrupt Act, but as a legal determination of the duty owing from husband to wife. *Romaine* v. *Chauncey*, 129 N. Y. 566; *Wetmore* v. *Wetmore*, 79 Hun (N. Y.), 268; *S. C.*, affirmed 149 N. Y. 520; *Maisner* v. *Maisner*, 62 App. Div. N. Y. 286; Code Civ. Pro. N. Y. §§ 1759, 1772, 1773, 2286.

If the effect of a decree containing provisions for alimony and for support and maintenance of children is to be regarded as making the husband and father debtor to the wife and children for such amounts, even then the discharge in bankruptcy would not release the plaintiff in error from such obligation. *Colwell* v. *Tinker*, 169 N. Y. 531; 2 Bishop on Mar. & Div. 220; 15 Am. & Eng. Ency. of Law, 2d ed., 857.

Mr. Justice Day, after making the foregoing statement, delivered the opinion of the court.

It is conceded in argument by counsel for the plaintiff in error that this case would be within the decision of this court in *Audubon* v. *Shufeldt*, 181 U. S. 575, if the judgment for alimony had been rendered in a court having control over the decree with power to amend or alter the same. It is insisted, however, that there being in this case no reservation of the right to change or modify the decree, it has become an absolute judgment beyond the power of the court to alter or amend, and is therefore discharged by the bankruptcy proceedings.

*Walker* v. *Walker*, 155 N. Y. 77; *Livingtson* v. *Livingston*, 173 N. Y. 377. It may be admitted to be the effect of these decisions of the New York Court of Appeals that, in the absence of any reservation of the right to modify or amend, the judgment for alimony becomes absolute. The question presented for decision, in view of this state of the law, is, has the decree become a fixed liability evidenced by a judgment and therefore provable against the estate of the bankrupt, within the protection of the discharge in bankruptcy? Section 63 of the act of 1898 provides:

"Sec. 63. Debts which may be proved.—

"*a*. Debts of the bankrupt may be proved and allowed against his estate which are (1) a fixed liability, as evidenced by a judgment or an instrument in writing, absolutely owing at the time of the filing of the petition against him, whether then payable or not, with any interest thereon which would have been recoverable at that date or with a rebate of interest upon such as were not then payable and did not bear interest."

It is not contended that this section includes instalments of alimony becoming due after the adjudication, but the contention is that prior instalments have become an existing liability evidenced by the judgment and therefore a provable debt. While this section enumerates under separate paragraphs the kind and character of claims to be proved and allowed in bankruptcy, the classification is only a means of describing "debts" of the bankrupt which may be proved and allowed against his estate.

The precise question, therefore, is, is such a judgment as the one here under consideration a *debt* within the meaning of the act? The mere fact that a judgment has been rendered does not prevent the court from looking into the proceedings with a view of determining the nature of the liability which has been reduced to judgment. *Boynton* v. *Ball*, 121 U. S. 457, 466. The question presented is not altogether new in this court. In the case of *Audubon* v. *Shufeldt*, *supra*, Mr. Justice Gray, delivering the opinion of the court, said:

"Alimony does not arise from any business transaction, but from the relation of marriage. It is not founded on contract, express or implied, but on the natural and legal duty of the husband to support the wife. The general obligation to support is made specific by the decree of the court of appropriate jurisdiction. Generally speaking, alimony may be altered by the court at any time, as the circumstances of the parties may require. The decree of a court of one State, indeed, for the present payment of a definite sum of money as alimony, is a record which is entitled to full faith and credit in another State, and may, therefore, be there enforced by suit. *Barber* v. *Barber,* (1858) 21 How. 382; *Lynde* v. *Lynde,* (1901) 181 U. S. 183. But its obligation in that respect does not affect its nature. In other respects, alimony cannot ordinarily be enforced by action at law, but only by application to the court which granted it, and subject to the discretion of that court. Permanent alimony is regarded rather as a portion of the husband's estate to which the wife is equitably entitled, than as strictly a debt; alimony from time to time may be regarded as a portion of his current income or earnings; and the considerations which affect either can be better weighed by the court having jurisdiction over the relation of husband and wife, than by a court of a different jurisdiction."

In the same opinion Mr. Justice Gray quoted from *Barclay* v. *Barclay,* 184 Illinois, 375, in which case it was adjudged that alimony could not be regarded as a debt owing from husband to wife, which might be discharged by an order in bankruptcy, whether the alimony accrued before or after the proceedings in bankruptcy:

"The liability to pay alimony is not founded upon a contract, but is a penalty imposed for a failure to perform a duty. It is not to be enforced by an action at law in the State where the decree is entered, but is to be enforced by such proceedings as the chancellor may determine and adopt for its enforcement. As heretofore shown, it may be enforced by imprisonment for contempt, without violating the constitutional provision pro-

hibiting imprisonment for debt. The decree for alimony may be changed from time to time by the chancellor, and there may be such circumstances as would authorize the chancellor to even change the amount to be paid by the husband, where he is in arrears in payments required under the decree. Hence such alimony cannot be regarded as a debt owing from the husband to the wife, and not being so, cannot be discharged by an order of the bankruptcy court."

It is true that in the cases referred to the decrees were rendered in courts having continuing control over them, with power to alter or amend them upon application, but this fact does not change the essential character of the liability nor determine whether a claim for alimony is in its nature contractual so as to make it a debt. The court having power to look behind the judgment, to determine the nature and extent of the liability, the obligation enforced is still of the same character notwithstanding the judgment. We think the reasoning of the *Audubon* case recognizes the doctrine that a decree awarding alimony to the wife or children, or both, is not a debt which has been put in the form of a judgment, but is rather a legal means of enforcing the obligation of the husband and father to support and maintain his wife and children. He owes this duty, not because of any contractual obligation or as a debt due from him to the wife, but because of the policy of the law which imposes the obligation upon the husband. The law interferes when the husband neglects or refuses to discharge this duty and enforces it against him by means of legal proceedings.

It is true that in the State of New York at the time this decree was rendered there was no power to modify or alter the decree for alimony and allowance in the absence of special reservation. But this does not change the grounds upon which the courts of the State proceeded in awarding the alimony and allowances. In the case of *Romaine* v. *Chauncey*, 129 N. Y. 566, it was held that alimony was awarded, not in the payment of a debt, but in the performance of the general duty of the

husband to support the wife. This case was quoted with approval by Mr. Justice Gray in *Audubon* v. *Shufeldt, supra.*

In *Walker* v. *Walker*, 155 N. Y. 77, and *Livingston* v. *Livingston*, 173 N. Y. 377, the effect of the holdings is that a judgment for alimony, in the absence of reservation, is a fixed and unalterable determination of the amount to be contributed to the wife's support after the decree, and is beyond the power of the court to change even under the authority of subsequent legislation. These cases do not modify the grounds upon which alimony is awarded, and recognize that an alimony decree is a provision for the support of the wife, settled and determined by the judgment of the court.

In the case of *Dunbar* v. *Dunbar*, decided by this court at the October term, 1902, 190 U. S. 340, it was held that a contract made after divorce between husband and wife, by which the former agreed to pay the latter a certain sum of money annually for her support during her life, or so long as she remained unmarried, and also to pay a certain sum of money to her annually for the support of the minor children of the marriage, whose custody was awarded to the mother, was not discharged by a subsequent proceeding and discharge in bankruptcy. It was further held that the sum agreed to be paid for the support of the minor children was but a recognition of the liability of the father for their support, and that the fact that the annual installments were made payable to the wife made no difference in the character of the obligation. Of this feature of the contract the court, speaking by Mr. Justice Peckham, said:

"In relation to that part of the husband's contract to pay for the support of his minor children until they respectively became of age, we also think that it was not of a nature to be proved in bankruptcy. At common law, a father is bound to support his legitimate children, and the obligation continues during their minority. We may assume this obligation to exist in all the States. In this case the decree of the court provided that the children should remain in the custody of

the wife, and the contract to contribute a certain sum yearly
for the support of each child during his minority was simply
a contract to do that which the law obliged him to do; that is,
to support his minor children. The contract was a recogni-
tion of such liability on his part. We think it was not the in-
tention of Congress, in passing a bankruptcy act, to provide
for the release of the father from his obligation to support his
children by his discharge in bankruptcy, and if not, then we
see no reason why his contract to do that which the law obliged
him to do should be discharged in that way. As his discharge
would not in any event terminate his obligation to support
his children during their minority, we see no reason why his
written contract acknowledging such obligation and agreeing
to pay a certain sum (which may be presumed to have been a
reasonable one) in fulfillment thereof should be discharged. It
is true his promise is to pay to the mother, but on this branch
of the contract it is for the purpose of supporting his two minor
children, and he simply makes her his agent for that purpose."

We think this language is equally applicable to the present
case in that aspect of the decree which provides for the support
of the minor children. The obligation continues after the dis-
charge in bankruptcy as well as before, and is no more than the
duty devolved by the law upon the husband to support his
children, and is not a debt in any just sense.

It is urged that the amendment of the law made by the act
of February 5, 1903, excepting from the operation of a discharge
in bankruptcy a decree for alimony due or to become due, or
for the maintenance and support of the wife and minor chil-
dren, is a legislative recognition of the fact that, prior to the
passage of the amendment, judgments for alimony would be
discharged. In Dunbar v. Dunbar, 190 U. S. 340, cited supra,
it was said that this amendment, while it did not apply to
prior cases, may be referred to for the purpose of showing the
legislative trend in the direction of not discharging an obliga-
tion of the bankrupt for the support and maintenance of wife
and children. The amendment may also have been passed

with a view to settling the law upon this subject and to put at rest the controversies which had arisen from the conflicting decisions of the courts, both State and Federal, upon this question. Indeed, in view of the construction of the act in this court in *Audubon* v. *Shufeldt, supra,* it may be said to be merely declaratory of the true meaning and sense of the statute. *United States* v. *Freeman,* 3 How. 556; *Bailey* v. *Clark,* 21 Wall. 284, 288; *Cope* v. *Cope,* 137 U. S. 682, 688. The bankruptcy law should receive such an interpretation as will effectuate its beneficent purposes and not make it an instrument to deprive dependent wife and children of the support and maintenance due them from the husband and father, which it has ever been the purpose of the law to enforce. Systems of bankruptcy are designed to relieve the honest debtor from the weight of indebtedness which has become oppressive and to permit him to have a fresh start in business or commercial life, freed from the obligation and responsibilities which may have resulted from business misfortunes. Unless positively required by direct enactment the courts should not presume a design upon the part of Congress in relieving the unfortunate debtor to make the law a means of avoiding enforcement of the obligation, moral and legal, devolved upon the husband to support his wife and to maintain and educate his children. While it is true in this case the obligation has become fixed by an unalterable decree, so far as the amount to be contributed by the husband for the support is concerned, looking beneath the judgment for the foundation upon which it rests we find it was not decreed for any debt of the bankrupt, but was only a means designed by the law for carrying into effect and making available to the wife and children the right which the law gives them as against the husband and father.

We find no error in the judgment of the Supreme Court of the State of New York, and the same is

*Affirmed.*