## In re MONTEVALLO MINING CO.[*]

### LEWIS v. ROBERTS.

(Circuit Court of Appeals, Fifth Circuit. November 20, 1923.)

#### No. 4174.

1. **Bankruptcy ⚖41—Solvent debtor may file voluntary petition in bankruptcy.**
   A solvent debtor may file voluntary petition in bankruptcy.

2. **Bankruptcy ⚖199—Judgment lien, obtained within four months prior to filing of involuntary petition, not discharged unless bankrupt was insolvent.**
   A judgment lien, though obtained within four months prior to the filing of an involuntary petition in bankruptcy, is not discharged unless the bankrupt was insolvent under Bankruptcy Act, § 67f (Comp. St. § 9651).

3. **Bankruptcy ⚖320—Unliquidated tort claim not provable under statute relating to "unliquidated claims."**
   Unliquidated tort claims are not provable in bankruptcy, notwithstanding Bankruptcy Act, § 63b (Comp. St. § 9647), making "unliquidated claims" provable; such statute being inapplicable to tort claims.
   [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Unliquidated Claim.]

4. **Bankruptcy ⚖315(1)—Judgment rendered in tort action not provable in bankruptcy; "debt."**
   Under Bankruptcy Act, § 1 (11), being Comp. St. § 9585, defining "debt" as any debt, demand, or claim provable in bankruptcy, section 63a (1), (4), (5), and 63b (section 9647), enumerating as provable debts those having fixed liability evidenced by a "judgment" or written instrument absolutely owing at the time of the filing of the petition, those founded on contract and on provable debts reduced to judgments after filing of petition, but before the consideration of bankrupt's application for discharge, and unliquidated claims against the bankrupt, which may be liquidated in such manner as the court may direct, a judgment rendered against the bankrupt in a tort action is not provable; section 63 being inapplicable to tort claims, notwithstanding section 17, as amended in 1903 (section 9601), providing that all "provable" debts with certain exceptions are discharged on discharge of bankrupt.
   [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Debt.]

   Walker, Circuit Judge, dissenting.

Appeal from the District Court of the United States for the Northern District of Alabama; William I. Grubb, Judge.

In the matter of the Montevallo Mining Company, bankrupt. From an order confirming order of referee, rejecting claim of Henry Lewis, opposed by David Roberts, Jr., as trustee in bankruptcy, the claimant appeals. Affirmed.

Hugo L. Black and E. Crampton Harris, both of Birmingham, Ala., for appellant.

W. H. Sadler, Jr., of Birmingham, Ala. (Nesbit & Sadler, of Birmingham, Ala., on the brief), for appellee.

Before WALKER and BRYAN, Circuit Judges, and CALL, District Judge.

BRYAN, Circuit Judge. The appellant recovered a judgment, for personal injuries sustained by him, against the Montevallo Mining Com-

pany. His complaint charges simple negligence only; it contains no allegation of willful or malicious injury. Within four months from the recovery of the judgment, the mining company, upon its voluntary petition, was adjudicated a bankrupt.

[1, 2] It does not appear from the record before us that the bankrupt was insolvent at the date of the judgment. A solvent debtor may file his voluntary petition in bankruptcy. 1 Collier (13th Ed.) 195. A judgment lien, though obtained within four months prior to the filing of even an involuntary petition against the bankrupt, is not discharged, unless the bankrupt was insolvent. Bankruptcy Act, § 67f (Comp. St. § 9651). It may therefore be that the appellant has a valid judgment lien upon the bankrupt's estate; but that question is not now presented.

Appellant's judgment is for a pure tort, which neither constituted a breach of contract nor resulted in the enrichment of the tort-feasor. The District Judge confirmed an order of the referee rejecting appellant's judgment, upon the ground that it was not a provable claim.

The sole question raised by this appeal is whether this judgment is a provable claim in bankruptcy.

Section 63a of the Bankruptcy Act (Comp. St. § 9647) provides:

"*Debts Which may be Proved.*—a Debts of the bankrupt may be proved and allowed against his estate which are (1) a, fixed liability, as evidenced by a judgment or an instrument in writing, absolutely owing at the time of the filing of the petition against him; * * * (4) founded upon an open account, or upon a contract express or implied; and (5) founded upon provable debts reduced to judgments after the filing of the petition and before the consideration of the bankrupt's application for a discharge," etc.

Section 63b is as follows:

"Unliquidated claims against the bankrupt may, pursuant to application to the court, be liquidated in such manner as it shall direct, and may thereafter be proved and allowed against his estate."

It is provided in section 1 (11), being Comp. St. § 9585, under the heading "Definitions," that "'debt' shall include any debt, demand, or claim provable in bankruptcy."

[3, 4] It is settled that an unliquidated tort claim is not provable in bankruptcy, and that clause (b) of section 63 adds nothing to the class of debts which may be proved under clause (a) of the same section. Dunbar v. Dunbar, 190 U. S. 340, 23 Sup. Ct. 757, 47 L. Ed. 1084; Schall v. Camors, 251 U. S. 239, 40 Sup. Ct. 135, 64 L. Ed. 247. In the case last cited it is said (251 U. S. 251, 40 Sup. Ct. 137, 64 L. Ed. 247):

"Evidently the words of the section [63] were carefully chosen; and the express mention of contractual obligations naturally excludes those arising from a mere tort. Since claims founded upon an open account or upon a contract express or implied often require to be liquidated, some provision for procedure evidently was called for; clause (b) fulfills this function, and would have to receive a strained interpretation in order that it should include claims arising purely ex delicto. Such claims might easily have been mentioned if intended to be included. Upon every consideration, we are clear that claims based upon a mere tort are not provable."

Only debts are provable. If they have become a fixed liability, they are provided for in section 63a (1); if they are unliquidated, they are provided for in section 63a (4), (5), and 63b.

In Wetmore v. Markoe, 196 U. S. 68, 72, 25 Sup. Ct. 172, 173, 49 L. Ed. 390, 2 Ann. Cas. 265, it is said:

"While this section enumerates under separate paragraphs the kind and character of claims to be proved and allowed in bankruptcy, the classification is only a means of describing 'debts' of the bankrupt which may be proved and allowed against his estate."

The mere fact that an unprovable tort claim is evidenced by a judgment does not, in our opinion, convert it into a provable claim. In Boynton v. Ball, 121 U. S. 457, 465, 466, 7 Sup. Ct. 981, 983, 30 L. Ed. 985, it is said:

"The argument is that the judgment now existing against Boynton is not the debt that existed at the time bankruptcy proceedings were initiated; that by the change of the character of the debt from an ordinary claim or obligation to a judgment of a court of record it ceased to be the same debt and became a new and different debt as of the date of the judgment. Some authorities are cited for this general proposition of a change of the character of the debt by merger into the judgment, and some authorities are also cited by counsel for plaintiff in error to the contrary. See Judge Blatchford, In re Brown, 5 Benedict, 1; In re Rosey, 6 Benedict, 507.

"But this court, to which this precise question is now presented for the first time, is clearly of opinion that the debt on which this judgment was rendered is the same debt that it was before; that, notwithstanding the change in its form from that of a simple contract debt, or unliquidated claim, or whatever its character may have been, by merger into a judgment of a court of record, it still remains the same debt on which the action was brought in the state court and the existence of which was provable in bankruptcy."

In Wisconsin v. Pelican Insurance Co., 127 U. S. 265, 292, 293, 8 Sup. Ct. 1370, 1375, 32 L. Ed. 239, it is said:

"The essential nature and real foundation of a cause of action are not changed by recovering judgment upon it; and the technical rules, which regard the original claim as merged in the judgment, and the judgment as implying a promise by the defendant to pay it, do not preclude a court, to which a judgment is presented for affirmative action (while it cannot go behind the judgment for the purpose of examining into the validity of the claim), from ascertaining whether the claim is really one of such a nature that the court is authorized to enforce it."

To the same effect is Wetmore v. Markoe, supra, in which the Supreme Court quoted with approval from Barclay v. Barclay, 184 Ill. 375, 56 N. E. 636, 51 L. R. A. 351, the following:

"Liability to pay alimony is not founded upon a contract, but is a penalty imposed for a failure to perform a duty."

The same statement is equally applicable to a liability for negligence. It is true that the case of Wetmore v. Markoe arose out of a decree for alimony, from which fact it is argued that a judgment was not involved; but no right to modify or amend the decree was reserved, and it was treated as a judgment by the Supreme Court.

Section 63a (1) does not authorize judgments to be proved. A judgment is considered merely as evidence of a fixed liability, and as such enjoys no higher standing than an instrument in writing. If a judg-

ment is a debt, and therefore provable, it is wholly immaterial whether it is founded upon a contract, tort, penalty, or other liability.

It is to be conceded that there is a lack of entire harmony between section 63, which provides what debts are provable, and section 17 (Comp. St. § 9601), which provides what debts are dischargeable. Of course, every debt that is dischargeable is provable. But the debts which are dischargeable are not enumerated. The provision of section 17 is that a discharge shall release a bankrupt from all his provable debts, except such as are specifically enumerated. It is true that liabilities for alimony, for willful and malicious injuries, and other torts, are included by this section 17 within the list of provable debts which are not discharged. The inconsistency is dealt with in Wetmore v. Markoe and in Schall v. Camors, supra, and in each of these cases it is held that the amendment of 1903 to section 17 should not be given the effect of enlarging the class of provable claims. It must be equally true that the section as a whole should receive a like construction.

There are cases to the contrary. They proceed upon the theory that a judgment is a debt, and therefore provable. Conspicuous among them are In re New York Tunnel Co., 159 Fed. 688, 86 C. C. A. 556, decided by the Circuit Court of Appeals for the Second Circuit, and Moore v. Douglas, 230 Fed. 399, 144 C. C. A. 541, decided by the Circuit Court of Appeals for the Ninth Circuit. But we think the decisions of the Supreme Court above cited lead to the conclusion that pure tort claims, though reduced to judgment prior to adjudication, are not provable in bankruptcy proceedings.

The order appealed from is affirmed.

WALKER, Circuit Judge (dissenting). The several numbered clauses of section 63a of the Bankruptcy Act (Comp. St. § 9647) define what are "debts of the bankrupt which may be proved and allowed against his estate." Those definitions cannot properly be given meanings narrower than those expressed by their language. If a judgment based on a pure tort is covered by one of those definitions, it cannot properly be excluded by giving that definition a meaning not conveyed by its language. As the act itself defines provable debts of the bankrupt, it is not permissible to look elsewhere for definitions of such debts. The words of clause (1), "a fixed liability, as evidenced by a judgment, * * * absolutely owing at the time of the filing of the petition," includes a judgment based on a tort, and rendered before the filing of the petition. Nothing in the just quoted language evidences a purpose to make the provability of "a fixed liability, as evidenced by a judgment," dependent upon the cause of action upon which such judgment was founded being other than a pure tort. The last-quoted language does not express or indicate the same meaning as would have been indicated if, instead of it, the language used had been, "a fixed liability, as evidenced by a judgment founded on a debt." Unliquidated claims arising purely ex delicto are not included in the descriptive enumeration of provable debts contained in section 63a. Plainly such unliquidated claims are not embraced by the language used in clauses (1), (2), (3), and (4) of that section; and they are not within clause (5) of that section, which covers described demands re-

duced to judgment after the filing of the petition, as they are not "founded upon provable debts," as defined in the preceding part of the section. From this fact, coupled with the fact that the provision of clause (b) of that section for the liquidation of unliquidated claims refers to claims defined as provable by clause (a), it follows that a claim for unliquidated damages arising out of a pure tort, which neither constitutes a breach of an express contract, nor results in any unjust enrichment of the tort-feasor upon which a contract may be implied, is not provable. Schall v. Camors, 251 U. S. 239, 40 Sup. Ct. 135, 64 L. Ed. 247.

In the case of Wetmore v. Markoe, 196 U. S. 68, 25 Sup. Ct. 172, 49 L. Ed. 390, 2 Ann. Cas. 265, it was decided that unpaid alimony awarded to a wife against her husband for the support of herself and her minor children, under a final decree of absolute divorce, is not a debt which was barred by a discharge in bankruptcy. The writer understands that the ground of that decision was that Congress, in passing the Bankruptcy Act, did not manifest an intention to include in the liabilities of a debtor which could be released or impaired by his bankruptcy the obligation, moral and legal, devolved upon him as a husband and father, to support his wife and to maintain and educate his children; that obligation being one which continues after the discharge in bankruptcy as well as before. It was held in effect in that case that such a continuing obligation, and a judgment or decree for its enforcement, being of a kind wholly unlike those from which systems of bankruptcy are designed to afford relief, the person subject to such duty or obligation would not be wholly or partially relieved therefrom by his discharge in bankruptcy unless that result is plainly required by direct enactment. It was not decided in that case that, in the distribution of the bankrupt's assets, installments of alimony due under the decree against him when his bankruptcy was adjudged must be excluded, with the result of leaving none of his assets to be applied towards the satisfaction of such installments of alimony. The question whether such installments were or were not provable in bankruptcy was not presented for decision. That decision by no means supports the contention that for "a fixed liability, as evidenced by a judgment," to be provable in bankruptcy, that judgment must be founded upon a contractual obligation or upon a liability other than for a pure tort. The result reached in that case was due, not to the court giving to clause (1) of section 63a the meaning attributed to it in behalf of the appellee, but to the conclusion that the Bankruptcy Act, before section 17 thereof was amended by adding alimony claims to the list of debts not released by a discharge, did not enable a bankrupt husband and father to obtain a release from his obligations as husband and father to his wife and children. The liabilities of a bankrupt arising from his contracts and his torts are essentially unlike his obligations resulting from his domestic relations. Provisions of the Bankruptcy Act plainly show that Congress, in enacting that statute, had in mind the question of releasing tort liabilities of the bankrupt. Therefore a judgment based on a tort cannot, on the ground that tort liabilities presumably were not in the mind of the lawmakers, be held not to have been intended to be covered by the provision of clause (1) of section 63a.

A purpose of the Bankruptcy Act was to relieve honest debtors, with the result of enabling them to start anew with a clean slate, except as to specified liabilities, the release of which is forbidden. But a bankrupt's discharge releases him from his provable debts only, with exceptions stated in section 17 of the act (Comp. St. § 9601). The statement of some of the exceptions there enumerated would be wholly superfluous if, under section 63a, clause (1), no judgment for a pure tort was a provable debt. Where used in the Bankruptcy Act, the word "debt" includes "any debt, demand, or claim provable in bankruptcy." Section 1 (11) being Comp. St. § 9585. The same section contains the following:

"(15) A person shall be deemed insolvent within the provisions of this act whenever the aggregate of his property, exclusive * * * shall not, at a fair valuation, be sufficient in amount to pay his debts."

If the word "debts" as there used is given the meaning attributed to the language used in section 63a (1), a result would be that a judgment based on a pure tort would not be included as a debt in determining the question of insolvency.

Another result of giving section 63a (1) the meaning attributed to it in behalf of the appellee would be to give to the Bankruptcy Act the effect of enabling contract creditors to have the assets of their insolvent debtors applied on their demands to the exclusion of all judgments for pure torts rendered against the debtor prior to his bankruptcy. Nothing in the act indicates a purpose so to destroy the enforceability against existing assets of an insolvent debtor of a tort judgment rendered against him prior to his bankruptcy. On the contrary, an intention to make such a judgment a debt provable and allowable in bankruptcy is manifested by the language used in the above set out clause (1) of section 63a of the act.

The conclusion of the writer is that the court erred in deciding that the judgment in question was not a provable claim in bankruptcy. This conclusion is in harmony with all the reported decisions of the same question of which the writer has been advised.