**SMITH v. SMITH.**

No. 21842.

District Court, W. D. New York.

June 29, 1934.

J. Craig Roberts, of Buffalo, N. Y., for plaintiff.

Harry L. Nuese, of Buffalo, N. Y., for defendant.

KNIGHT, District Judge.

The plaintiff and defendant are husband and wife. An action was brought in the Su-

preme Court, Erie County, New York, by the plaintiff against the defendant, to procure a judgment of separation and for an award of alimony for the support and maintenance of the plaintiff. Upon the trial of the issues the defendant set up a counterclaim for divorce. On the trial of the issues plaintiff obtained judgment awarding permanent alimony and costs of the action.

An execution for the recovery of the costs was issued and returned unsatisfied, and a garnishee execution subsequently issued. The defendant thereafter filed a petition in bankruptcy and was adjudicated a bankrupt. This motion is made to set aside the garnishee execution upon the ground that judgment for costs of the action is a dischargeable debt. Chapter 3, § 17, of the Bankruptcy Act (11 USCA § 35) provides: "A discharge in bankruptcy shall release a bankrupt from all of his provable debts, except such as * * * are * * * for alimony due or to become due, or for maintenance or support of wife or child." It is a contention of the bankrupt that the costs included in a judgment awarding alimony do not come within the exception mentioned.

"Alimony does not arise from any business transaction, but from the relation of marriage. It is not founded on contract, express or implied, but on the natural and legal duty of the husband to support the wife. * * * The bankruptcy law should receive such an interpretation as will effectuate its beneficent purposes, and not make it an instrument to deprive dependent wife and children of the support and maintenance due them from the husband and father, which it has ever been the purpose of the law to enforce." Wetmore v. Markoe, 196 U. S. 68, 25 S. Ct. 172, 174, 49 L. Ed. 390, 2 Ann. Cas. 265. The language quoted is specially significant here. The right to alimony is not founded on contract. The costs included in the judgment were necessary in order that the alimony might be decreed. A judgment for costs is a provable debt. Chapter 1, § 1, Bankruptcy Act (11 USCA § 1). But the court will look behind the judgment to ascertain the nature of the action out of which the judgment arose. Loveland on Bankruptcy, § 296; Peters v. United States (C. C. A.) 177 F. 885. While the costs and the award of alimony are necessarily distinct and separate amounts, the result is no different than that in an action arising out of a tort which is not dischargeable and in which the costs are included as a part of the judgment. In no such case which has been called to my attention has there been an attempt to distinguish liability for costs from liability for the tort itself. The costs are accessory to the judgment and follow the nature of the liability on which the judgment is based. Therefore, since alimony comes within the exception made in subdivision a (2), § 17, Bankruptcy Act (11 USCA § 35), these costs come within the same exceptions.

No case with the precise question presented here has been found, though there are many cases in which the question of the dischargeability of judgments in actions for separation and alimony has been considered. In none of these was there an attempt to separate costs and an award for alimony.

Motion to set aside the garnishee execution is denied.