163 N.J. Super. 49 (1978)
394 A.2d 153
ELVA E. BILES, PLAINTIFF,
v.
JOHN L. BILES, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided October 2, 1978.
*51 Mr. Manuel P. Fanarjian, attorney for plaintiff.
Mr. Martin A. Newmark, attorney for defendant.
Mr. Richard G. Mandel, counsel for Metropolitan Life Ins. Co.
COLLESTER, J.J.D.R.C. (temporarily assigned).
The parties were divorced in 1958, and an interspousal agreement provided for payment of alimony in the amount of $300 a month. Judgment for specific performance of the agreement was granted to plaintiff wife in May, 1977. Arrears have been reduced to judgment in the amount of $2,700 with $90 in costs, and additional arrearage exists because defendant has not made any subsequent payments.
Defendant is a retired executive from the Mobil Oil Corporation and now lives in Texas. He receives monthly payments in the amount of $1,045.90 pursuant to the pension plan administered by Metropolitan Life Insurance Company. There is no dispute that there exist no assets in the State of New Jersey upon which plaintiff can enforce her rights except the pension plan benefits.[1]
*52 Plaintiff obtained a writ of execution on her judgment and served it upon Metropolitan in an effort to levy upon the rights and credits due defendant from the pension plan. Metropolitan resisted the levy, and plaintiff now seeks an order compelling Metropolitan to satisfy her judgment from defendant's pension fund as well as to deduct and pay her directly the amount of defendant's alimony obligation from each prospective monthly pension payment due defendant. Metropolitan and defendant contend that the applicable law prohibits such relief.
Mobil Oil Corp., an employer engaged in interstate commerce, adopted a pension plan consistent with the requirements of the Federal Employee Retirement Income Security Act of 1974 (hereafter ERISA). The plan qualifies as a tax qualified pension plan under § 401(a) of the Internal Revenue Code and is governed as an "employee benefit plan" under ERISA. 29 U.S.C.A. § 1002(3). The pertinent paragraph of the Mobil Plan reads as follows:
It is a condition of this Plan that funds accumulated hereunder, benefits derived from them and rights to benefits accruing under this Plan shall not be assignable or subject to garnishment, attachment, execution or levy or [sic] any kind except to the extent permitted by ERISA or other applicable law.
Benefits payable under an employee benefit plan subject to ERISA may not be assigned or alienated, ERISA § 206(d)(1), 29 U.S.C.A. § 1056(d)(1); 26 U.S.C.A. § 401(a)(13). While plaintiff concedes the applicability of the ERISA, she argues that the restriction against alienation and assignment of benefits prohibits only voluntary transfers and that involuntary transfers through garnishment and execution are not prohibited.
However, an examination of the statutory language, legislative history and administrative interpretation leads to the conclusion that Congress did not intend to prevent only voluntary transfers. A statutory exception is made to the general prohibition against alienation and assignment for a *53 "voluntary and revocable" assignment of up to 10% of any benefit payment, 26 U.S.C.A. § 401(a) (13) and it would follow that there would be no necessity for such a stated exception if the general prohibition applied only to voluntary assignments. Moreover, the House Conference Committee Report states that for purposes of this limited exception a garnishment or levy is not considered a voluntary assignment. H.R. Rep. No. 533, 93rd Cong., 2 Sess., reprinted in 1974 U.S. Code Cong. & Admin. News, pp. 4639, 5061.
Finally, applicable Treasury Department Regulations specify that the qualified pension plan benefits "may not be anticipated, assigned (either at law or in equity), alienated or subject to attachment, garnishment, levy, execution or other legal or equitable process." 26 C.F.R. § 1.401(a)-13(b) (1978).
However, rejection of plaintiff's argument that involuntary assignments are permissible under ERISA does not dispose of the issue in this case. There remains the question as to whether the statutory restriction was intended to prevent an assignment in aid of a spouse entitled to support.
Both defendant and Metropolitan take the position that while this court has jurisdiction to decide the controversy, that decision must be based upon the governing federal standards set forth in ERISA. There is ample authority for that proposition. ERISA § 514 (a), 29 U.S.C.A. § 1144 (a); Hewlett-Packard Co. v. Barnes, 425 F. Supp. 1294 (N.D. Cal. 1977), aff'd 571 F.2d 502 (9 Cir., 1978); Standard Oil Co. of Calif. v. Agsalud, 442 F. Supp. 695 (N.D. Cal. 1977); and Azzaro v. Harnett, 414 F. Supp. 473 (S.D.N.Y. 1976). However, it does not appear that Congress intended to prohibit any and all state law having some relation to pension plans subject to ERISA, Stone v. Stone, 450 F. Supp. 919, 932 (N.D. Cal. 1978), and state courts have not felt compelled to hold that ERISA negates state laws or policies having only tangential relation to the purpose of the federal statutes. See, Time Ins. Co. v. Dept. of Industry, Labor & Human Relations, 46 U.S.L.W. 2369, *54 2370 (Wis. Cir. Ct. 1978) (holding that ERISA does not preempt state civil rights law applicable to pension plans).
Defendant and Metropolitan cite two federal cases for the proposition that the ERISA prohibition against assignment or alienation is applicable to the facts in this case. The first is an unreported decision, of General Motors Corp. v. Townsend, Civil No. 6-75159 (E.D. Mich. 1976), in which plaintiff sought to enforce a divorce judgment providing for payment of assets (rather than support) through a writ for garnishment served upon the pension plan trustee. Although noting that Michigan state law would permit such a levy on pension benefits, the federal court held that the ERISA pension plan was immune from garnishment.
In the second case cited, Thompson v. Eastern Airlines, Inc., 450 F. Supp. 197, 199-200 (W.D. Tex. 1978), the court declined to decide the issue by denying a removal portion from a state court action commenced by the wife for payment out of an ERISA pension plan. Nonetheless, the court indicated by way of dictum that the state court could not order the pension agent to pay the monies sought directly to the wife. See also, Kerbow v. Kerbow, 421 F. Supp. 1253, 1259-1260 (N.D. Tex. 1976); but see Stone v. Stone, supra, 450 F. Supp. 919.
There is no question but that a state law is invalid under the Supremacy Clause of the United States Constitution if it conflicts with a federal law. The issue presented is whether the New Jersey law permitting enforcement of support arrears as well as securing payment of future obligations cause such a conflict. A conflict in this context is created when the state law presents an obstacle to the accomplishment and execution of the objection of the federal legislation, Hines v. Davidowitz, 312 U.S. 52, 61 S.Ct. 399, 85 L.Ed. 581 (1941), and in my judgment such a conflict is not presented in the present matter.
It is well settled that Congress will not infringe upon the laws and policies of state domestic relations laws. See Ohio ex. rel. Paporici v. Agler, 280 U.S. 379, 383, 50 *55 S.Ct. 154, 74 L.Ed. 489 (1930). For this reason courts will interpret federal legislation to avoid a conflict and with a presumption that Congress did not intend to interfere with the state law in this field. Ray v. Atlantic Richfield Corp., 435 U.S. 151, 98 S.Ct. 988, 994, 55 L.Ed.2d 179 (1978); Stone v. Stone, supra, 450 F. Supp. at 924. As an example, in Wetmore v. Markoe, 196 U.S. 68, 25 S.Ct. 172, 49 L.Ed. 390 (1904), the United States Supreme Court inferred an exception to the Bankruptcy Act for spousal and child support claims before Congress specifically exempted such claims. See also, Wissner v. Wissner, 338 U.S. 655, 659 70 S.Ct. 398, 94 L.Ed. 424 (1950), in which an exception was found to the law providing for broad control by federal employees of their benefits so as to permit claims by spouses and dependents prior to a statutory amendment specifically stating such an exception.
The purpose of the general prohibition against transfers of pension benefits governed by ERISA is to "ensure that the employee's accrued benefits are actually available for retirement purposes * * *. H.R. Rep. No. 807, 93d Cong., 2d Sess., 1974 U.S. Code Cong. & Admin. News, pp. 4670, 4734. Protection is intended for the millions of people who rely upon benefits from private pension plans for their financial security and independence after retirement. H.R. Rep. No. 533, 93d Cong., 2d Sess., reprinted in 1974 U.S. Code Cong. & Admin. News pp. 4639, 4640-4641. However, the stated purpose does not to my mind mean that all claimants against pension benefits are considered the same. The policy considerations underlying the prohibition against transfers of benefits are certainly different when the interest of a spouse in receiving support is compared with claims of a business creditor. A former spouse is certainly more vulnerable, and traditionally her interest is given greater protection. See, e.g., Wissner v. Wissner, supra, 338 U.S. 655, 70 S.Ct. 398, 94 L.Ed. 424. As aptly stated in Stone v. Stone:
*56 It would be ironic indeed if a provision designed in part to ensure that an employee spouse would be able to meet his obligations to family after his retirement were interpreted to permit him to evade them with impunity after divorce. Construing § 206(d)(1) to prevent a nonemployee spouse from enforcing marital property obligations against an employee benefit plan covered by ERISA would frustrate rather than further the policies of that provision. [450 F. Supp. at 926]
Balancing the interest of a recipient of pension benefits in keeping those benefits entirely to himself against the interest of a former spouse in enforcing an order of support leads to the conclusion that the objective of ERISA is not frustrated by state laws enforcing support obligations.
The public policy of New Jersey law is clearly that support obligations outweigh the competing interest of insulating pension benefits from creditors. Theil v. Theil, 41 N.J. 446 (1964) (private pension plan), and Fischer v. Fischer, 13 N.J. 162 (1953) (public pension benefits). See also, Steller v. Steller, 97 N.J. Super. 493 (App. Div. 1967), holding that the exemption clause in New Jersey Workers Compensation Law did not insulate payments from previously ordered alimony and child support. As further evidence of the public policy of this State, note should also be taken of N.J.S.A. 2A:17-56.1 et seq., which permits an order for limited execution against wages, income, trust funds and the like to enforce support obligations notwithstanding any statutory limitation or execution against such funds.
The rationale for giving greater weight and granting different treatment to support claims of a divorced spouse is best stated in Theil, supra:
Regardless of the precise and restrictive wording of an exemption provision, the restraint created should not be a barrier against recourse to the fund when it provides the only reasonably accessible asset for support of the wife within her state of residence ... [citation omitted]. The purpose of exemptions is to relieve the person exempted from the pressure of claims hostile not only to his own essential needs but also to those of his dependents. But the purpose cannot be one relieving him of familial obligations, perhaps *57 destroying what may be the family's last and only security, short of public relief. The husband's duty is to share his pension benefits with his wife, and the courts of the state of her residence, if they have jurisdiction over the fund, ought to enforce that duty where there is no other reasonably practical means of obtaining support open to her within the state. [41 N.J. at 451]
A judgment on fixed arrears is a money judgment as to which execution may issue, and an order permitting execution upon the pension fund would conflict with the purpose of ERISA in that it would deplete some portion of the fund from which periodic payments will be made. Additionally, there would be significant problems of pension accounting. However, garnishment of pension benefits to the extent of defendant's alimony obligation would not to my view conflict with the purposes of ERISA or constitute a significant burden upon the pension administrator. Theil v. Theil, supra, 41 N.J. at 454.
Plaintiff's counsel is to submit an order fixing all arrears, permitting judgment on arrears and to garnish defendant's prospective pension payments to the extent of the monthly alimony obligation as well as to direct Metropolitan to make such payments directly to plaintiff.
NOTES
[1] Plaintiff has not sought relief through the Uniform Reciprocal Enforcement of Support Act, N.J.S.A. 2A:4-30.1 et seq. However, this does not preclude her application. Zelek v. Brosseau, 47 N.J. Super. 521, 533 (App. Div., 1957); aff'd 26 N.J. 501 (1958).