Levine, J.
(dissenting). I respectfully dissent. In my view, respondent has not satisfied her heavy burden of establishing the facial invalidity of the provision in New York’s Child Support Standards Act (L 1989, ch 567) mandating a minimum court-ordered child support obligation of a noncustodial parent of $25 a month (Family Ct Act § 413 [1] [g]), regardless of whether the application of the statutory child support guidelines would result in a lower amount, or whether a court might find that the statutory minimum support award was unjust or inappropriate in a given case. Contrary to the conclusion of the Appellate Division and the majority here, section 103 of the Federal Family Support Act of 1988 (42 USC § 667 [b] [2]) does not expressly prohibit a State from imposing a statutory minimum child support obligation.
The Federal statute requires the States to establish support guidelines (42 USC § 667 [a]). It provides that, in any judicial or administrative child support proceeding "[t]here shall be a rebuttable presumption * * * that the amount of the award which would result from the application of such guidelines is the correct amount of child support to be awarded” (42 USC § 667 [b] [2]). The Federal statute further provides that the presumption may be rebutted in a given case by a finding "that the application of the guidelines would be unjust or inappropriate”, under criteria established by the State (id. [emphasis supplied]; see, Family Ct Act § 413 [1] [f]). As the *73 quoted portion of the Federal statute shows, the rebuttable presumption of section 667 (b) (2) does not deal directly with a State’s minimum child support level imposed irrespective of "the application of the guidelines” (id.). The majority infers, however, that because section 667 stipulates that the presumption of the correctness of an award pursuant to the State guidelines is rebuttable, Congress must have intended to bar any irrebuttable statutory minimum award. Thus, it is only by implication that the Federal statutory rebuttable presumption of a parental ability to pay a support award under the guidelines may be found to conflict with the mandatory $25 a month minimum child support award provision of the New York statute.
An individual attempting to establish the facial invalidity of a State statute under the Supremacy Clause (US Const art VI) by reason of an implied conflict with a Federal statute faces serious hurdles. First, as in any facial challenge to the constitutionality of a statute (except perhaps on First Amendment grounds) it must be demonstrated "that no set of circumstances exists under which the Act would be valid” (United States v Salerno, 481 US 739, 745; see also, Schall v Martin, 467 US 253, 268-269, n 18).
When the invalidity of a State statute is asserted because of a conflict with Federal law, it must be established that " 'it is impossible to comply with both state and federal law, * * * or [that] the state law stands as an obstacle to the accomplishment of the full purposes and objectives of Congress’ ” (California Coastal Commn. v Granite Rock Co., 480 US 572, 581). Moreover, "[t]his inquiry requires [a court] to consider the relationship between state and federal laws as they are interpreted and applied, not merely as they are written” (Jones v Rath Packing Co., 430 US 519, 526 [emphasis supplied]).
Finally, and most importantly, the constitutional standard for preemption applicable here is especially severe, under long-established principles, because New York’s Child Support Standards Act deals with " 'the domestic relations of husband and wife, parent and child, [a subject which] belongs to the laws of the States and not to the laws of the United States’ ” (Rose v Rose, 481 US 619, 625 [quoting In re Burrus, 136 US 586, 593-594]). The Supreme Court has mandated exceptional deference to the States in matters regarding child support (481 US, at 628). "On the rare occasion when state family law has come into conflict with a federal statute, this Court has *74 limited review under the Supremacy Clause to a determination whether Congress has 'positively required by direct enactment’ that state law be pre-empted” (Hisquierdo v Hisquierdo, 439 US 572, 581 [quoting Wetmore v Markoe, 196 US 68, 77]). "A mere conflict in words is not sufficient. State family * * * law must do emajor damage’ to 'clear and substantial’ federal interests before the Supremacy Clause will demand that state law be overridden.” (439 US, at 581, quoting United States v Yazell, 382 US 341, 352 [emphasis supplied].)
The purported conflict between Family Court Act § 413 (1) (g) and 42 USC § 667 (b) (2) simply does not meet those exacting standards for preemption. Taken literally, 42 USC § 667 (b) (2) merely insures that either the noncustodial or the custodial parent has the opportunity to demonstrate that strict application of a State’s child support guidelines is unjust or inappropriate, by showing that the resultant award is too onerous or insufficient to meet the child’s needs, according to the State criteria. As already demonstrated, 42 USC § 667 (b) (2) does not directly address a State’s imposition of a minimum child support obligation independent of any application of its guidelines. Thus, it has not even been conclusively shown here that there is a "conflict in words” between the Federal and State enactments at issue.
Nor does providing for a statutory minimum obligation of child support impair in any significant way the "clear and substantial” Federal interests and policies underlying the Family Support Act of 1988. Those policies and interests were "to restructure the basic program of public assistance for families in ways that emphasize parental responsibility through the enforcement of child support” (S Rep No. 100-377, 100th Cong, 2d Sess, reprinted in 1988 US Code Cong & Admin News 2776, 2778 [emphasis supplied]). The section mandating the presumptively binding effect of State child support guidelines is referred to collectively with other sections as "designed to strengthen the child support enforcement program” (id., at 2779 [emphasis supplied]). Providing for a statutory minimum child support award of $25 a month surely does not do "major damage” to these primary congressional policies and Federal interests reflected in the Family Support Act of 1988. The absence here of any significant deviation from congressional policies and Federal interests is further demonstrated by the approval by the Secretary of Health and Human Services of the New York child support enforcement program through its Child Support Standards *75 Act. Congress charged the Secretary with the responsibility of reviewing, approving and auditing State child support enforcement programs to insure their conformity with the Federal Family Support Act (42 USC § 652).
Finally, any purported conflict with section 667 (b) (2) of the Federal statute is even more remote when one considers the interpretation and application of Family Court Act § 413 (1) (g) in conjunction with other State statutory provisions. Thus, by reason of statutory exemptions contained in Social Services Law §§ 137 and 137-a, respondent, whose exclusive source of income is receipt of public assistance, is not subject to present enforcement of the $25 a month minimum court-ordered child support obligation for her child living outside of her home. Moreover, Family Court Act § 413 (1) (g) further provides, in the case of a noncustodial parent whose income "is less than or equal to the poverty income guidelines amount for a single person”, the accrual of arrears on respondent’s child support obligation is statutorily limited to an aggregate of $500. Thus, the net effect of the minimum child support award mandated under this State’s Child Support Standards Act is an accumulation of arrears of $25 a month to a maximum of $500, payment of which is unenforceable until respondent has attained some financial ability to pay child support. The conflict between this deferred obligation to pay child support arrears not exceeding $500 and the rebuttable presumption of 42 USC § 667 (b) (2) is thus so remote as to become, at worst, de minimis.
For all the foregoing reasons, I would reverse the order of the Appellate Division and remit this proceeding to the Family Court of Oswego County for the fixing of an appropriate award of support pursuant to the provisions of Family Court Act § 413.
Chief Judge Kaye and Judges Simons, Titone, Hancock, Jr., and Smith concur with Judge Bellacosa; Judge Levine dissents and votes to reverse in a separate opinion.
Order affirmed, with costs.