PER CURIAM.
This is an appeal by the husband from that part of a final judgment of dissolution which requires his attorney to pay to the wife’s attorneys from the wash-out settlement proceeds of the husband’s pending Workmen’s Compensation claim the sum of $1,007. The award, in the form of additional support, was conditioned on the husband’s failure to pay that sum from other funds within five months of the final judgment. We reverse that part of the final judgment.
Section 440.22, Florida Statutes (1979) provides:
ASSIGNMENT AND EXEMPTION FROM CLAIMS OF CREDITORS.
No assignment, release, or commutation of compensation or benefits due or payable under this chapter except as provided by this chapter shall be valid, and such compensation and benefits shall be exempt from all claims of creditors, and from levy, execution and attachments or other remedy for recovery or collection of a debt, which exemption may not be waived.
By its order, the trial court effected a “judicial compulsory assignment” in violation of the statute.
While no Florida case is directly on point, the same conclusion was reached by the Civil Court of Appeals in Texas in Mabry v. Aetna Casualty & Surety Co., 280 S.W.2d 572 (Tex.Civ.App.1950). In Mabry, a wife filed suit against her husband’s Workmen’s Compensation carrier for one-half of all compensation benefits due her husband, (Texas being a community property state). The wife had previously been awarded one-half of the compensation benefits in a divorce proceeding filed subsequent to the husband’s compensation claim. The wife notified the compensation carrier of the divorce order prior to compensation settlement, but the carrier ignored the order and paid the husband his full compensation settlement. The court in Mabry upheld the carrier’s actions, and found the divorce decree awarding the wife one-half of her husband’s compensation benefits to be a “judicial compulsory assignment” prohibited by a Texas statute exempting Workmen’s Compensation benefits from attachment, judgment and all other suits or claims or assignments. See 100 C.J.S. Workmen’s Compensation § 387 (1958).
We also disapprove of that aspect of the judgment which places the burden on appellant’s attorney to make this payment since he was obviously not a party.
We are unable to determine from the record before us whether the trial court intended to, or would be justified in ordering the additional support payment given *764 the unavailability of the source of funds we here insulate from that liability.[1]
Accordingly, we reverse that aspect of the final judgment and remand for further proceedings at the trial court level. In all other respects the judgment is affirmed.
AFFIRMED IN PART AND REVERSED IN PART.
LETTS, C. J., and HERSEY and GLICK-STEIN, JJ., concur.

. It is not our intent, by this opinion, to signal that a spouse can receive a large award of workmen’s compensation which would revolutionize his or her net worth yet have it excluded from the traditional criteria for furnishing support.