*318 OPINION OF THE COURT
Charles A. Kuffner, Jr., J.
Defendant Louis Spitalieri is a harbor worker who was allegedly injured in a work-related accident on April 10, 1992. He received workers’ compensation payments from his self-insured employer, Universal Maritime Service Corp., for the period April 11, 1992 to July 13, 1992. After these payments were discontinued he received no benefits until November 11, 1992, when he was paid $7,419.98 for further workers’ compensation for the period July 28, 1992 through November 1, 1992.
Plaintiff wife Denise Spitalieri, anticipating that defendant will receive further benefits in the future, seeks an order enjoining and restraining New York Shipping Association-ILA Vacation and Holiday Container Fund and the law firm of Israel, Adler, Ronca and Gucciardo, from releasing any and all funds presently in their possession, or to come into their possession, for the benefit of defendant Louis Spitalieri, to anyone pending further order of the court.
Defendant’s workers’ compensation benefits are subject to the provisions of the Federal Longshore and Harbor Workers’ Compensation Act (33 USC § 901 et seq.) (LHWCA), and in particular, section 916 thereof. This law reads, in full:
"§ 916. Assignment and exemption from claims of creditors
"No assignment, release * * * or benefits due or payable under this Act, except as provided by this Act, shall be valid, and such compensation and benefits shall be exempt from all claims of creditors and from levy, execution, and attachment or other remedy for recovery or collection of a debt, which exemption may not be waived.”
Only one reported case to be found has squarely addressed the issue sub judice, i.e., whether the exemption in section 916 applies to the garnishment or attachment of these benefits when judgments representing child support and/or alimony under State law are sought to be enforced. In Thibodeaux v Thibodeaux (454 So 2d 813 [La], cert denied 469 US 1114), the Supreme Court of Louisiana found that the Supremacy Clause of the United States Constitution protects certain rights established under Federal law against the operation of State law. It also prevents the frustration and erosion of Federally created rights. (Supra, at 815.) The relative importance to the State of its own laws concerning family rights and obligations, substantial as they are, must yield where *319 there is a conflict. (Supra.) The Thibodeaux court further found no exception in the exemption language of section 916, and felt bound by the explicit language in it. It refused to carve out a judicially created exception contrary to the congressionally created antiattachment policy, and found the language broad enough to include creditors of all kinds (supra).
Finally, the Thibodeaux court correctly determined that had Congress intended an exception for State alimony and/or child support obligations, it could easily have done so, and cited other Federal statutes excepting these kinds of obligations from Federal benefits plans.*
Though the plight of plaintiff is compelling, the court is constrained by the logic and rationale of the Thibodeaux decision (supra) and section 916 of the LHWCA to deny her motion insofar as it seeks to restrain payment of any monies held, or to be held, by the named third persons, which represent workers’ compensation benefits. The solution lies with the Congress to enact a remedy, and not with the State courts.
Plaintiff’s attorney states that after a conversation he had with a representative of New York Shipping Association-ILA Container Royalty Fund, he discovered that a check in excess of $4,000 is to be issued to defendant shortly, and it represents a bonus upon his regular salary. If so, it does not represent workers’ compensation benefits exempted from execution.
Accordingly, the motion to restrain and enjoin New York Shipping Association-ILA Vacation and Holiday Container Fund (or, Container Royalty Fund) and/or the law firm of Israel, Adler, Ronca and Gucciardo from releasing and paying out any funds held for the benefit of defendant Louis Spitalieri, which come into their possession, or will come into their possession, to anyone until further court order is granted, but only to the extent that such funds represent defendant’s regular wages and salary. To the extent the funds consist of defendant’s workers’ compensation benefits under LHWCA, the motion is denied.
Finally, plaintiff seeks a money judgment for arrears in *320 child support and maintenance due pursuant to this court’s order of November 14, 1991. Defendant claims to have been out of work for an extended period of time due to a work-related injury but he failed to seek a reduction on that basis. The court is required to allow entry of judgment for the amount of arrears unless the defaulting party shows good cause for his or her failure to seek relief from the order. (Domestic Relations Law §244.) Therefore, the motion is granted, and plaintiff is entitled to a money judgment in her favor for $10,724 representing unpaid child support and spousal maintenance from November 14, 1991 through and including November 1, 1992.

 See, e.g., 5 USC §§8346, 8345 (j) (civil service retirement benefits, amended in 1978); 10 USC § 1408 (military retirement pay, in particular subdivision [c] [1], effective after June 25, 1981); 22 USC § 3901 (Foreign Service Act of 1980); 42 USC § 659 (eff Jan. 1, 1975, waiving United States sovereign immunity to allow garnishment of government employees’ wages for the enforcement of child support and alimony obligations); 45 USC § 231m (railroad retirement benefits, amended in 1983).