Linda J. LUKASWICZ (now Davis),
Petitioner, Respondent,

v.

Michael A. LUKASWICZ, Appellant.

No. C5–92–1232.

Court of Appeals of Minnesota.

Jan. 12, 1993.

Greg A. Engel, Denis E. Hynes, St. Cloud, for appellant.

Roger S. Van Heel, Stearns County Atty., Richard J. May, Asst. County Atty., St. Cloud, for respondent.

Considered and decided by KALITOWSKI, P.J., and NORTON and HARTEN, JJ.

## OPINION

KALITOWSKI, Judge.

Appellant challenges the decision by an administrative law judge allowing the se-questration of his lump-sum workers' compensation settlement award to satisfy child support arrearages pursuant to Minn.Stat. § 518.24 (1990).

## FACTS

In 1984, as part of the dissolution of the parties' marriage, the Stearns County District Court ordered appellant to pay monthly child support for the parties' two minor children. Based on three separate judgments for unpaid child support and a determination in the present action of further arrearages, appellant's delinquent child support and interest totals $33,070.37.

In March 1992, respondent brought a motion to sequester appellant's lump-sum workers' compensation award. Appellant submitted an exemption notice pursuant to Minn.Stat. § 571.41 (repealed 1990).

A hearing on respondent's motion was held in April 1992 before an administrative law judge (ALJ). The ALJ granted the motion and ordered appellant's workers' compensation award sequestered to satisfy child support arrearages pursuant to Minn. Stat. § 518.24 (1990). Stearns County was appointed as the receiver of the funds, with the amount going first to pay the judgments in favor of respondent, then to those in favor of the Stearns County Welfare Board, with any remaining amounts being returned to appellant. This appeal followed.

## ISSUE

Does Minn.Stat. § 518.24 (1990) allow a workers' compensation settlement award to be sequestered to satisfy child support arrearages?

## ANALYSIS

The ALJ had jurisdiction in this matter pursuant to Minn.Stat. § 518.551, subd. 10 (1990). The ALJ was given all the powers of a district court in deciding the case and our standard of review is the same as if we were reviewing a decision by a district court. *See Lee v. Lee*, 459 N.W.2d 365, 368–69 (Minn.App.1990) (in child support modification matter under Minn.Stat.

§ 518.551, subd. 10 (Supp.1989), this court employs the traditional child support modification standard of review), *pet. for rev. denied* (Minn. Oct. 18, 1990).

The issue presented here is a question of law so our review is de novo. We must review the record independently to determine if the ALJ reached the proper legal conclusion. *Jadwin v. Minneapolis Star & Tribune Co.*, 367 N.W.2d 476, 483 (Minn. 1985).

Minn.Stat. § 518.24 (1990) provides:

[U]pon failure to pay the maintenance or support [as ordered], the court may sequester the obligor's personal estate and the rents and profits of real estate of the obligor, and appoint a receiver of them. The court may cause the personal estate and the rents and profits of the real estate to be applied according to the terms of the order.

The ALJ concluded the workers' compensation settlement award was part of appellant's personal estate, subject to sequestration.

Appellant argued below and on appeal that under Minn.Stat. § 571.41 (repealed 1990) his workers' compensation settlement award is exempt from sequestration. However, Minn.Stat. § 571.41 was repealed effective October 1, 1990, and, therefore, is not applicable to this matter. 1990 Minn. Laws ch. 606, art. 3, § 39.

On appeal, appellant cites Minn.Stat. § 176.175 (1990) to support his exemption claim. Appellant argues that because under Minn.Stat. § 176.175, subd. 2, workers' compensation awards are non-assignable and exempt from seizure or sale for the payment of any debt or liability, these awards cannot be sequestered. We disagree.

Minn.Stat. § 518.611, subd. 6 (1990) provides:

Notwithstanding any law to the contrary, funds from income sources included in section 518.54, subdivision 6, whether periodic or lump sum, are not exempt from attachment or execution upon a judgment for child support arrearages.

Workers' compensation awards are considered income under Minn.Stat. § 518.54, subd. 6 (1990). Therefore, appellant's lump-sum workers' compensation settlement is subject to sequestration pursuant to Minn.Stat. § 518.24.

### DECISION

Notwithstanding Minn.Stat. § 176.175, workers' compensation awards may be sequestered to satisfy a judgment for past-due child support pursuant to Minn.Stat. §§ 518.24 and 518.611, subd. 6.

Affirmed.