621 So.2d 574 (1993)
Dorothy BRYANT, Appellant,
v.
Carter BRYANT, Appellee.
No. 92-03384.
District Court of Appeal of Florida, Second District.
July 23, 1993.
*575 John A. Colton, Law Offices of Dick Lee, Sarasota, for appellant.
No appearance for appellee.
PARKER, Judge.
Dorothy Bryant appeals a judgment for child support arrearage which determined that the trial court could not compel the payment of the judgment from the former husband's worker's compensation settlement. We reverse and hold that the exemption of worker's compensation awards from claims of creditors does not extend to a claim based on an award of child support.
The parties were divorced in 1981, and the court ordered Mr. Bryant to pay child support. The child support payments were in arrears, and the court entered several orders establishing the amount of arrearage. Mrs. Bryant filed a petition for injunction and other relief, requesting that the court order Mr. Bryant to pay the arrearage out of a worker's compensation settlement check. The trial court initially sequestered the settlement funds and ordered that the funds be placed in the registry of the court. The trial court thereafter entered a judgment against Mr. Bryant in the amount of $30,330,[1] which included the arrearage amount, interest, and attorney's fees, but released the worker's compensation funds to the husband's attorney, ruling that these funds were exempt from claims of the wife.
The question of whether worker's compensation funds are exempt from claims of child support appears to be one of first impression in Florida; however, many courts have addressed this issue. The great majority of courts have held that worker's compensation awards are not exempt from claims for child support. See, e.g., McCall v. McCall, 596 So.2d 4 (Ala. 1992); Argonaut Ins. Co. v. Lyons, 159 Ariz. 267, 766 P.2d 619 (Ct.App. 1988); Kishida v. Kishida, 6 Haw. App. 217, 716 P.2d 501 (1986); Bruning v. Swipies, 498 N.W.2d 410 (Iowa 1993); Donovan v. Donovan, 15 Mass. App. 61, 443 N.E.2d 432 (1982); Lukaswicz v. Lukaswicz, 494 N.W.2d 507 (Minn. Ct. App. 1993). See also C.B. Higgins, Annotation, Construction and Effect of Statutory Exemptions of Proceeds of Workmen's Compensation Awards, 31 A.L.R.3d 532 (1970). The cases supporting the majority position based their decisions on the principle that a child support obligation is not a debt or a claim of a creditor. To a lesser extent the courts have looked to the purpose of the worker's *576 compensation law and determined that it was meant not only to protect the worker but also to protect the worker's dependents. Finally, another factor the courts have considered is that a worker's compensation benefit is included as income when a court determines the amount of a child support award.
All of these reasons apply in Florida. Although section 440.22, Florida Statutes (1991) protects worker's compensation benefits from claims of creditors or from collection of a debt, Florida courts have given child support and alimony a special status as they relate to a homestead exemption, see Anderson v. Anderson, 44 So.2d 652 (Fla. 1950), or imprisonment for a debt. See Bronk v. State, 43 Fla. 461, 31 So. 248 (1901). The legislature passed the Worker's Compensation Act to relieve an injured employee and his family from the economic stress resulting from a work-related injury. Lee Eng'g & Constr. Co. v. Fellows, 209 So.2d 454 (Fla. 1968). Finally, a worker's compensation benefit is included within the definition of gross income for the calculation of child support. Section 61.30(2)(a)5, Fla. Stat. (1991).
It is clear that the $17,715 child support arrearage should not have been released to the husband's attorney but should have been given to the wife. We further conclude that the interest also should have been paid from the settlement proceeds. Prejudgment interest is restitution for a loss, not a penalty. Argonaut Ins. Co. v. May Plumbing Co., 474 So.2d 212 (Fla. 1985). These children have been deprived of this support over a number of years; therefore, they deserve the interest payment for the loss of this unpaid obligation. The $4,737 for the wife's attorney's fees, however, could not have been collected from the worker's compensation settlement. See Arthurs v. Arthurs, 408 So.2d 762 (Fla. 1st DCA 1982).
Reversed and remanded for entry of an order reflecting that Mrs. Bryant is entitled to a $25,593 award from Mr. Bryant's settlement proceeds.[2]
DANAHY, A.C.J., and SCHOONOVER, J., concur.
NOTES
[1] The breakdown was $17,715 for the support arrearage, $7,878 for interest, and $4,737 for Mrs. Bryant's attorney's fees.
[2] This may be a hollow victory for Mrs. Bryant. The record does not reflect that the settlement proceeds were maintained in the registry of the court during this appeal. We also note that Mr. Bryant has not participated personally or through counsel in this appeal.