800 So.2d 700 (2001)
DEPARTMENT OF REVENUE o/b/o Karen SPRINGER, Appellant,
v.
Peter SPRINGER, Appellee.
No. 5D01-583.
District Court of Appeal of Florida, Fifth District.
November 30, 2001.
*701 Robert A. Butterworth, Attorney General, Tallahassee, and Jon J. Johnson, Assistant Attorney General, Tampa, for Appellee.
Paul M. Goldman of Dean, Mead, Spielvogel & Goldman, Merritt Island, for Appellee.
PALMER, J.
The Department of Revenue, on behalf of Karen Springer, (DOR) appeals the final order entered by the trial court denying its request to place a lien against the prospective proceeds of Peter Springer's workers' compensation settlement for purposes of satisfying his $6,222.55 child support arrearage. Concluding that such a lien is available, we reverse.
DOR filed a motion for entry of lien, alleging that Peter Springer (the father) was in arrears on his child support obligation and that he had received, or soon would be receiving, a settlement from a workers' compensation and/or personal injury claim. The motion requested the trial court to enter an order requiring payment of the arrearage out of the proceeds of said settlement or, if the settlement had not yet been received, then to enter an order placing a lien on any potential settlement until the arrearage was paid in full.
At the hearing which was conducted on the motion, DOR argued that it was entitled to the imposition of such a lien pursuant to the ruling in Bryant v. Bryant, 621 So.2d 574 (Fla. 2d DCA 1993). The father responded that he had a 100% disability rating, there would be no lump sum settlement in his case at least for an extended period of time, and that since there was not yet any settlement proceeds, no lien could attach. The hearing officer entered an order summarily denying DOR's motion. Upon review, the trial court approved the order. In reversing that ruling, we reject the conclusion that, as a matter of law, a lien for child support arrearages cannot be imposed before settlement proceeds have been disbursed.
Section 409.2575 of the Florida Statutes (1999) exempts workers' compensation benefits from creditors' claims but, as noted in Bryant, a claim for child support arrearages is not a claim of a creditor. The Bryant court explained that the purpose of the workers' compensation law was not only to protect the worker but also to protect the worker's dependents. Further, workers' compensation benefits are included as income when a court determines the amount of a parent's child support award.
The only fact which distinguishes this case from Bryant is that here no settlement proceeds have yet been disbursed. We hold that this distinction does not support a different conclusion. If this court were to hold otherwise then the real possibility would exist that a deadbeat parent could avoid the obligation to pay child support by disposing of settlement proceeds before a lien could attach. The imposition of a lien on prospective settlement proceeds is an appropriate mechanism to protect proceeds from improper diversion.
In closing, we note that issues regarding the enforcement of a child support arrearage lien should be decided by the trial court. For example, the enforcement of a lien through straight attachment of all proceeds, up to the amount of the child support arrearage, may not be appropriate in all cases, since it could leave the injured worker without sufficient funds for self-support. *702 The trial court can consider its full array of equitable remedies, including income deduction orders and injunctions, in determining how best to enforce the lien.
Order REVERSED and cause REMANDED.
GRIFFIN and ORFINGER, R.B., JJ., concur.