GREEN, J.
This is an appeal from an income deduction order requiring Cigna Property & Casualty (“Cigna”) to withhold certain sums owing to its insured, Antonio Ruiz, and to remit the same to Teresa Villar Ruiz, as child support for the Ruiz’s minor child. Cigna maintains that because the anti-alienation provision of the Longshore and Harbor Worker’s Compensation Act (“LHWCA”) under which Antonio Ruiz was receiving his benefits from Cigna exempted all claims of creditors, the income deduction order is erroneous. We do not agree that the anti-alienation provision of LHWCA is applicable to Ruiz’s child support obligation at issue in this case. Accordingly, we affirm.
In 1981, Antonio Ruiz was injured while in the employ of Potashnick Construction. Ruiz filed a workers’ compensation claim under the Longshore and Harbor Workers’ Compensation Act (“Longshore Act”), and eventually entered into a Joint Stipulation and a Request for Order Awarding Benefits with his employer and its Long-shore Carrier, Cigna. Pursuant to the joint stipulation, Potashnick and Cigna accepted Ruiz as permanently and totally disabled as of March, 1985, and agreed to pay Ruiz permanent total disability benefits as of June, 1990.
Ruiz and his wife, Teresa Villar-Ruiz, were divorced in February 1992. The final judgment for dissolution of marriage obligated Ruiz to pay child support to Villar-Ruiz for the parties’ minor child. Thereafter, Ruiz sporadically paid his support obligation. Accordingly, in 1994, the trial court issued an Income Deduction Order, directed to Cigna, to withhold a portion of Ruiz’s benefits to pay for his child support obligations. Cigna abided with this order until late 1996 when it unilaterally decided to discontinue the payments.
Once again, Ruiz began a pattern of sporadic child support payments. The case was referred to Child Support Enforcement to no avail. The matter was thereafter referred back to the trial court which entered a new Income Deduction Order directing Cigna to withhold $628.00 per month from Ruiz’s monthly benefits and pay this money to Villar-Ruiz for “ongoing child support.” (emphasis added).
Cigna failed to comply with the order and noticed the matter for hearing. Following the hearing, the trial court denied Cigna’s objections to the Income Deduction order and held:
1. That CIGNA’s objection to the Income Deduction Order of May 8, 2001, is denied.
2. CIGNA shall forthwith comply with the Income Deduction Order and shall commence making payments forthwith to TERESA VILLAR RUIZ as directed in said order.
3. That in addition to the amounts to be paid under said order, CIGNA shall deduct and pay to TERESA VILLAR RUIZ an additional $200.00 per month in order to pay for the $3,140.00 in payments that CIGNA should have made between May and October 2001, but which it failed to do on the basis of its objections. Said additional payments be made for the next 15 months with an additional final payment of $140.00 on the sixteenth month.
It is from this order that Cigna appeals.
Cigna’s refusal to abide by the trial court’s order was premised upon section 16 of the LHWCA which provides that:
No assignment, release, or commutation of compensation or benefits due or payable under this Act, except as provided by this Act, shall be valid, and such compensation and benefits shall be exempt from all claims of creditors and from levy, execution, and attachment or *236 other remedy for recovery or collection of a debt, which exemption may not be waived.
See 33 USCA § 916 (2001). By its own terms this statute only applies to “claims of creditors” or attachment or execution for “collection of a debt.”
It is clear, under Florida law, that a claim for child support is not the claim of a creditor. See Department of Revenue v. Springer, 800 So.2d 700, 701 (Fla. 5th DCA 2001) (holding that claims for child support arrearages not a claim of a creditor). See also Bryant v. Bryant, 621 So.2d 574, 576 (Fla. 2d DCA 1993) (holding that exemption of worker’s compensation claims from claims of creditors does not extend to claim based on award of child support). Both Springer and Bryant involved claims for child support arrearages. In this case, where the claim is for “ongoing child support,” it is clear that the deduction is not the claim of a creditor.[1]
Moreover, it is equally clear that a child support obligation is not a debt. See Gibson v. Bennett, 561 So.2d 565, 570 (Fla.1990) (stating that: “a support obligation is viewed as a personal duty, not only to a former spouse or child, but to society generally.”) citing Bronk v. State, 43 Fla. 461, 31 So. 248 (1901). The Gibson court explained that:
In determining that a support decree was not such a debt, the Court distinguished an obligation to pay support from a debt arising from a business transaction or a contractual obligation:
[A] decree awarding alimony to the wife or children, or both, is not a debt which has been put into the form of a judgment, but is rather a legal means of enforcing the obligation of the husband and father to support, and maintain his wife and children. He owes this duty, not because of any contractual obligation, or as a debt due to the wife, but because of the policy of the law which imposes the obligation upon the husband. The law interferes when the husband neglects or refuses to discharge this duty, and enforces it against him by means of legal proceedings.
Gibson, 561 So.2d at 570, quoting Wetmore v. Markoe, 196 U.S. 68, 74, 25 S.Ct. 172, 49 L.Ed. 390 (1904).
In this case, it is clear on its face, that the statute upon which Cigna relies, is inapplicable to Ruiz’s child support obligation.[2] Thus, the order of the trial court is affirmed.

. Admittedly, the trial court’s order on Cig-na's objections to Income Deduction Order does require Cigna to pay an additional $200.00 per month to make up for those payments that Cigna should have made pursuant to the Income Deduction Order. Moreover, Cigna can not be heard now to complain about something that was of its own doing.

. Cigna’s reliance on Spitalieri v. Spitalieri, 156 Misc.2d 317, 593 N.Y.S.2d 172 (N.Y.Sup.Ct.1993) and Thibodeaux v. Thibodeaux, 454 So.2d 813 (La.1984) is misplaced. These cases were decided prior to a 1996 amendment to the non-alienation provisions of the Social Security Act which has been held to have impliedly repealed the non-alienation provision of the LHWCA with regard to delinquent support obligations.