CIGNA PROPERTY & CASUALTY
Plaintiff

v.

Teresa Villar RUIZ and Antonio Ruiz Defendants

No. 02–21655–JORDAN.

United States District Court,
S.D. Florida,
Miami Division.

Jan. 21, 2003.

Lawrence B. Craig, III, Valle & Craig, P.A., Miami, FL, for Plaintiff.

Jose I. Valdes, Marlow, Connell, Valerius, Abrams, Adler & Newman, Miami, FL, Attorney for Teresa Villar Ruiz.

Marc J. Tannen, Hollywood, FL, Attorney for Antonio Ruiz.

## ORDER OF DISMISSAL

JORDAN, District Judge.

For the reasons which follow, the interpleader complaint in this case [D.E. 1] is DISMISSED WITHOUT PREJUDICE FOR LACK OF SUBJECT–MATTER JURISDICTION.

## I. BACKGROUND

On June 4, 2002, Cigna Property & Casualty filed this interpleader action against Teresa Villar Ruiz and her former husband, Antonio Ruiz. The action was brought pursuant to the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901 et seq. *See also* 28 U.S.C. § 2361 (setting forth procedure in action for interpleader). The complaint alleged the facts set forth below.

### A. THE ALLEGATIONS IN CIGNA'S COMPLAINT

On November 11, 1981, while in the employment of Potashnick Construction, Mr. Ruiz was injured. Potashnick and Cigna, its carrier under the LHWCA, accepted the resulting workers' compensation claim as compensable. After litigation between them, Mr. Ruiz, Potashnick, and Cigna entered into a stipulation which declared Mr. Ruiz permanently and totally disabled as of March 10, 1986. This stipulation was memorialized in a compensation order entered by an administrative law judge on June 8, 1990. Pursuant to the joint stipulation and order, Mr. Ruiz was to be paid $496.70 per week. Cigna timely began payments.

As a result of subsequent dissolution proceedings between Ms. Villar Ruiz and Mr. Ruiz in Florida circuit court, *see Ruiz v. Ruiz*, No. 92–41223 (Fla. 11th Jud. Cir.), a state judge issued an income deduction order at Ms. Villar Ruiz's request. This order purported to encompass Mr. Ruiz's workers' compensation payments under the LHWCA. Cigna filed an objection to the order, arguing that the order improperly reached payments under 33 U.S.C. § 916, the anti-alienation provision of the LHWCA. That objection, however, was overruled by the state judge on September 28, 2001.

Cigna then appealed. At the time Cigna filed the interpleader complaint in federal court, its appeal of the income deduction order was pending in Florida's Third District Court of Appeal. *See Cigna Property & Casualty v. Ruiz,* No. 3D01–3314 (Fla. 3rd DCA).

Cigna alleged in its complaint that it was unable to determine who was entitled to the LHWCA benefits, and requested that Ms. Villar Ruiz and Mr. Ruiz be restrained from instituting any action against it for recovery of such benefits until resolution of the issues raised by the complaint. Cigna also requested that a federal court interpret the LHWCA and determine entitlement to the benefits.

### B. Ms. Villar-Ruiz's Cross-Claim Against Mr. Ruiz

Ms. Villar Ruiz filed a cross-claim against Mr. Ruiz. She alleged that Mr. Ruiz had never objected to any of the income deduction orders entered by the state judge, and requested a declaratory judgment with respect to her right to the LHWCA benefits. Mr. Ruiz filed an answer to the cross-claim on November 19, 2002.

### C. The Third District's Decision

In a decision issued on October 23, 2002, the Third District affirmed the income deduction order entered by state judge and rejected Cigna's argument that the order violated 33 U.S.C. § 916, the anti-alienation provision of the LHWCA. *See Cigna Property & Casualty v. Ruiz,* 834 So.2d 234 (Fla. 3rd DCA 2002) (copy attached). The opinion explained that the state judge had issued the initial income deduction order in 1994, when Mr. Ruiz failed to timely make all of his monthly child support payments, and that Cigna had abided by this order until late 1996, when it uni-

laterally decided to discontinue the payments to Ms. Villar Ruiz. Because Mr. Ruiz again began a pattern of sporadic child support payments, the state judge entered a new income deduction order directing Cigna to withhold $628 per month from Mr. Ruiz's monthly LHWCA benefits and to pay that sum to Ms. Villar Ruiz for "on-going child support." *Id.* at 235. In rejecting Cigna's interpretation of § 916, the Third District first ruled that the statute only applied to "claims of creditors" or attachment or execution for "collection of a debt," and then concluded that under Florida law a child support obligation was "not a debt." *Id.* at 236 (citing to *Gibson v. Bennett,* 561 So.2d 565, 570 (Fla.1990)). The Third District distinguished *Thibodeaux v. Thibodeaux,* 454 So.2d 813 (La. 1984), and *Spitalieri v. Spitalieri,* 593 N.Y.S.2d 172, 156 Misc.2d 317 (N.Y.Sup. Ct.1993)—both of which held that child support obligations were within the scope of § 916—on the ground that those cases were decided prior to the 1996 amendment to the non-alienation provisions of the Social Security Act, which "has been held to have impliedly repealed the non-alienation provision of the LHWCA with regard to delinquent support obligations." 834 So.2d at 236 n. 2.[1]

Cigna sought panel rehearing, certification to the Florida Supreme Court, and rehearing *en banc.* All of those requests were denied in an order issued on January 15, 2003.[2]

### II. Discussion

When Ms. Villar Ruiz filed a copy of Third District's opinion, I issued an order to show cause why Cigna's complaint should not be dismissed. In response, Cigna argues that dismissal is inappropriate, and that the very reason for this interpleader action is for a federal court to sort

---

1. *See, e.g., Moyle v. Director, OWCP,* 147 F.3d 1116, 1120–22 (9th Cir.1998).

2. A copy of the Third District's order is attached.

out the conflicting rulings of the administrative law judge and the state courts as to who is entitled to Mr. Ruiz's LHWCA benefits. Ms. Villar Ruiz, on the other hand, believes that the case should be dismissed or, alternatively, that she is entitled to judgment on the pleadings against Mr. Ruiz.

### A. CONCURRENT STATE JURISDICTION

■■ Cigna's request for relief, and its response to the order to show cause, misapprehend the relationship between state and federal courts and the effect of the Third District's decision on this interpleader action. "Under our 'system of dual sovereignty, [the Supreme Court] ha[s] consistently held that state courts have inherent authority, and thus are presumptively competent, to adjudicate claims arising under the laws of the United States.' " *Yellow Freight System, Inc. v. Donnelly*, 494 U.S. 820, 823, 110 S.Ct. 1566, 108 L.Ed.2d 834 (1990) (holding that state courts have jurisdiction to entertain claims under Title VII of the Civil Rights Act of 1964 because Congress did not affirmatively divest state courts of their presumptively concurrent jurisdiction). To "rebut the presumption of concurrent jurisdiction, the question is not whether any intent at all may be divined from legislative silence on the issue, but whether Congress in its deliberations may be said to have affirmatively or unmistakably intended jurisdiction to be exclusively federal." *Tafflin v. Levitt*, 493 U.S. 455, 462, 110 S.Ct. 792, 107 L.Ed.2d 887 (1990) (concluding that state courts have concurrent jurisdiction over civil RICO claims pursuant to 18 U.S.C. §§ 1961–1968). Insofar as the LHWCA is concerned, the Supreme Court has held that a state may apply its workers' compensation scheme to land-based injuries that fall within the coverage of the LHWCA, *see Sun Ship, Inc. v. Pennsylvania*, 447 U.S. 715, 719–24, 100 S.Ct. 2432, 65 L.Ed.2d 458 (1980), and state courts routinely interpret and apply the LHWCA. *See, e.g., Spears v. Kajima Engineering & Construction, Inc.*, 101 Cal.App.4th 466, 124 Cal.Rptr.2d 97, 102–08 (2002); *Babin v. North Florida Shipyards*, 705 So.2d 66, 1997 WL 795067, *1–*7 (Fla. 1st DCA 1997); *Ode v. Luedtke Engineering Co.*, 1997 WL 476830, *1–*6 (1997); *AllSouth Stevedoring Co. v. Wilson*, 220 Ga.App. 205, 469 S.E.2d 348, 349–52 (1996); *Moss v. Dixie Machine Welding & Metal Works, Inc.*, 617 So.2d 959, 960–61 (La.App. 4th Cir.1993). Indeed, the cases Cigna cites for the proposition that § 916 prohibits the state judge's income deduction order— *Thibodeaux* and *Spitalieri* are LHWCA cases decided by state courts in Louisiana and New York. The Florida courts therefore had jurisdiction to adjudicate Cigna's federal anti-alienation claim under § 916 of the LHWCA.

Cigna seems to argue in its response to the order to show cause that federal courts have exclusive jurisdiction under the LHWCA. I disagree for the reasons stated above. Moreover, the provision of the LHWCA cited by Cigna in support of its argument, 33 U.S.C. § 918(a), by its own terms only applies to actions when there is a "default by the employer in the payment of compensation due under any award of compensation." *See Providence Washington Ins. Co. v. Director*, 765 F.2d 1381, 1384 (9th Cir.1985) ("The abbreviated § 918 procedure is limited to situations where the employer's liability already has been determined under a compensation order and the employer is in default of its payment obligations under that order[.]"). There is no alleged default here by Potashnick or by Cigna, so § 918(a) is inapplicable.[3]

---

3. Although subject-matter jurisdiction cannot be waived, I note that in its briefs to the Third District—which are attached to the response to the order to show cause—Cigna never

## A. THE ROOKER-FELDMAN DOCTRINE

Under the so-called *Rooker–Feldman* doctrine, a federal district court lacks jurisdiction to review a state court's ruling. It is black-letter law that only the United States Supreme Court can review state court decisions. *See District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923). Although the *Rooker–Feldman* doctrine applies only to litigants who were parties in both the state action and the federal action, *see, e.g., Johnson v. DeGrandy,* 512 U.S. 997, 1006, 114 S.Ct. 2647, 129 L.Ed.2d 775 (1994), all of the parties in this action were parties in the state court proceedings. Moreover, it is apparent from the complaint and from the Third District's opinion that Cigna was able to raise and litigate its federal anti-alienation claim under § 916 of the LHWCA in the state court proceedings. *See Dale v. Moore,* 121 F.3d 624, 626 (11th Cir.1997) ("The *Rooker–Feldman* doctrine applies as long as the party had a reasonable opportunity to raise his federal claims in the state court proceedings.").[4]

If I were to adjudicate Cigna's interpleader action, I would essentially be acting as an appellate tribunal reviewing the Third District's interpretation of § 916 of the LHWCA. Subject-matter jurisdiction for such federal review, however, is lacking at this level.

Interestingly, Cigna says that it is subject to conflicting orders—the order of the administrative law judge and the order of the state judge—but it seems to me that there really is no conflict. The administrative law judge simply memorialized the parties' stipulation that Mr. Ruiz was entitled to certain monthly benefits under the LHWCA. The dissolution proceedings between Ms. Villar Ruiz and Mr. Ruiz postdated the order entered by the administrative law judge. Thus, the only courts to have ruled on whether a certain portion of the benefits should be paid to Ms. Villar Ruiz for child support, and on whether § 916 of the LHWCA bars such deduction of benefits, are the Florida courts. It seems to me that Cigna, having litigated its § 916 claim in the Florida courts, is subject to and bound by the Third District ruling unless it is able to obtain a reversal of that ruling in the Florida Supreme Court or the United States Supreme Court. *See Atlantic Coast Line Railroad Co. v. Brotherhood of Locomotive Engineers,* 398 U.S. 281, 296, 90 S.Ct. 1739, 26 L.Ed.2d 234 (1970). The time for obtaining review of the Third District's decision has not yet run, so Cigna is not yet out of options.

## III. CONCLUSION

Cigna's interpleader complaint is DISMISSED WITHOUT PREJUDICE FOR LACK OF SUB-

---

questioned the jurisdiction or authority of the Florida courts to pass upon its § 916 claim.

4. Though doctrinally different, collateral estoppel and res judicata have a close affinity with the *Rooker–Feldman* doctrine. *See Agripost, Inc. v. Miami–Dade County,* 195 F.3d 1225, 1229 n. 7 (11th Cir.1999). *See also* 28 U.S.C. § 1738 (requiring federal courts to give state court decisions the full faith and credit they would be entitled to under state law). If collateral estoppel were analyzed, Cigna would be prevented from relitigating its

§ 916 claim in this federal action. All of the elements necessary for application of collateral estoppel under Florida law are present here. *See Community Bank of Homestead v. Torcise,* 162 F.3d 1084, 1086 (11th Cir.1998) (under Florida law collateral estoppel prevents relitigation of an issue resolved in a prior judicial proceeding "provided that (1) the identical issue has been fully litigated, (2) by the same parties, and (3) a final decision has been rendered by a court of competent jurisdiction").

JECT-MATTER JURISDICTION under the *Rooker–Feldman* doctrine.

This case is CLOSED.

## Attachment

This is an appeal from an income deduction order requiring Cigna Property & Casualty ("Cigna") to withhold certain sums owing to its insured, Antonio Ruiz, and to remit the same to Teresa Villar Ruiz, as child support for the Ruiz's minor child. Cigna maintains that because the anti-alienation provision of the Longshore and Harbor Worker's Compensation Act ("LHWCA") under which Antonio Ruiz was receiving his benefits from Cigna exempted all claims of creditors, the income deduction order is erroneous. We do not agree that the anti-alienation provision of LHWCA is applicable to Ruiz's child support obligation at issue in this case. Accordingly, we affirm.

In 1981, Antonio Ruiz was injured while in the employ of Potashnick Construction. Ruiz filed a workers' compensation claim under the Longshore and Harbor Workers' Compensation Act ("Longshore Act"), and eventually entered into a Joint Stipulation and a Request for Order Awarding Benefits with his employer and its Longshore Carrier, Cigna. Pursuant to the joint stipulation, Potashnick and Cigna accepted Ruiz as permanently and totally disabled as of March, 1985, and agreed to pay Ruiz permanent total disability benefits as of June, 1990.

Ruiz and his wife, Teresa Villar–Ruiz, were divorced in February 1992. The final judgment for dissolution of marriage obligated Ruiz to pay child support to Villar–Ruiz for the parties' minor child. Thereafter, Ruiz sporadically paid his support obligation. Accordingly, in 1994, the trial court issued an Income Deduction Order, directed to Cigna, to withhold a portion of Ruiz's benefits to pay for his child support obligations. Cigna abided with this order until late 1996 when it *unilaterally* decided to discontinue the payments.

Once again, Ruiz began a pattern of sporadic child support payments. The case was referred to Child Support Enforcement to no avail. The matter was thereafter referred back to the trial court which entered a new Income Deduction Order directing Cigna to withhold $628.00 per month from Ruiz's monthly benefits and pay this money to Villar–Ruiz for "*ongoing child support.*" (emphasis added).

Cigna failed to comply with the order and noticed the matter for hearing. Following the hearing, the trial court denied Cigna's objections to the Income Deduction order and held:

1. That CIGNA's objection to the Income Deduction Order of May 8, 2001, is denied.

2. CIGNA shall forthwith comply with the Income Deduction Order and shall commence making payments forthwith to TERESA VILLAR RUIZ as directed in said order.

3. That in addition to the amounts to be paid under said order, CIGNA shall deduct and pay to TERESA VILLAR RUIZ an additional $200.00 per month in order to pay for the $3,140.00 in payments that CIGNA should have made between May and October 2001, but which it failed to do on the basis of its objections. Said additional payments be made for the next 15 months with an additional final payment of $140.00 on the sixteenth month.

It is from this order that Cigna appeals.

■ Cigna's refusal to abide by the trial court's order was premised upon section 16 of the LHWCA which provides that:

No assignment, release, or commutation of compensation or benefits due or payable under this Act, except as provided by this Act, shall be valid, and such

compensation and benefits shall be exempt from all claims of creditors and from levy, execution, and attachment or other remedy for recovery or collection of a debt, which exemption may not be waived.

*See* 33 USCA § 916 (2001). By its own terms this statute only applies to "claims of creditors" or attachment or execution for "collection of a debt."

■ It is clear, under Florida law, that a claim for child support is not the claim of a creditor. *See Department of Revenue v. Springer,* 800 So.2d 700, 701 (Fla. 5th DCA 2001) (holding that claims for child support arrearages not a claim of a creditor). *See also Bryant v. Bryant,* 621 So.2d 574, 576 (Fla. 2d DCA 1993) (holding that exemption of worker's compensation claims from claims of creditors does not extend to claim based on award of child support). Both *Springer* and *Bryant* involved claims for child support arrearages. In this case, where the claim is for "ongoing child support," it is clear that the deduction is not the claim of a creditor.[1]

■ Moreover, it is equally clear that a child support obligation is not a debt. *See Gibson v. Bennett,* 561 So.2d 565, 570 (Fla. 1990) (stating that: "a support obligation is viewed as a personal duty, not only to a former spouse or child, but to society generally.") *citing Bronk v. State,* 43 Fla. 461, 31 So. 248 (1901)

The *Gibson* court explained that:

In determining that a support decree was not such a debt, the Court distinguished an obligation to pay support from a debt arising from a business transaction or a contractual obligation: [A] decree awarding alimony to the wife or children, or both, is not a debt which has been put into the form of a judgment, but is rather a legal means of enforcing the obligation of the husband and father to support and maintain his wife and children. He owes this duty, not because of any contractual obligation, or as a debt due to the wife, but because of the policy of the law which imposes the obligation upon the husband. The law interferes when the husband neglects or refuses to discharge this duty, and enforces it against him by means of legal proceedings.

*Gibson,* 561 So.2d at 570, *quoting Wetmore v. Markoe,* 196 U.S. 68, 74, 25 S.Ct. 172, 49 L.Ed. 390 (1904).

In this case, it is clear on its face, that the statute upon which Cigna relies, is inapplicable to Ruiz's child support obligation.[2] Thus, the order of the trial court is affirmed.

834 So.2d 234, 2002 WL 31373875 (Fla. App. 3 Dist.), 834 So.2d 234, 27 Fla. L. Weekly D2300

### Attachment

Upon consideration, appellant's motion for rehearing and certification is hereby denied. COPE, GREEN and RAMIREZ, JJ., concur. Appellant's motion for rehearing en banc is denied.

Upon consideration, appellee Teresa Villar Ruiz' motion to strike appellant's motion for rehearing is hereby denied as

---

1. Admittedly, the trial court's order on Cigna's objections to Income Deduction Order does require Cigna to pay an additional $200.00 per month to make up for those payments that Cigna should have made pursuant to the Income Deduction Order. Moreover, Cigna can not be heard now to complain about something that was of its own doing.

2. Cigna's reliance on *Spitalieri v. Spitalieri,* 156 Misc.2d 317, 593 N.Y.S.2d 172 (N.Y.Sup. Ct.1993) and *Thibodeaux v. Thibodeaux,* 454 So.2d 813 (La.1984) is misplaced. These cases were decided prior to a 1996 amendment to the non-alienation provisions of the Social Security Act which has been held to have impliedly repealed the non-alienation provision of the LHWCA with regard to delinquent support obligations.

moot.  COPE, GREEN and RAMIREZ, JJ., concur.